**Electronically Filed
Intermediate Court of Appeals
30532
01-OCT-2010
03:41 PM**

NO. 30532

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I


In the Matter of the Good Faith Settlement
Between LEVINA N. HOOHULI, individually and as the
Personal Representative of the ESTATE OF KARINA NOELANI HOOHULI,
and JOSIAH L. HOOHULI, JR., Petitioners-Appellees,

and

TESSIE KOTRYS, Respondent-Appellee,

v.

CITY AND COUNTY OF HONOLULU, Respondent-Intervenor/Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 09-1-0429)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Upon review of (1) Respondent-Intervenor/Appellant City and County of Honolulu's (Appellant) July 30, 2010 statement of jurisdiction, (2) Petitioners-Appellees Levina N. Hoohuli, the Estate of Karina Noelani Hoohuli, and Josiah L. Hoohuli, Jr.'s (the Hoohuli Appellees), August 3, 2010 statement contesting jurisdiction, and (3) the record, it appears that we do not have

jurisdiction over Appellant's appeal from the circuit court's: (a) March 24, 2010 order granting petition for approval of good faith settlement (March 24, 2010 Order); and (b) May 12, 2010 "Order Granting City and County of Honolulu's Motion to Intervene and Order Denying City and County of Honolulu's Motion for Reconsideration of the Approval of Good Faith Settlement" (May 12, 2010 Order). The appealable order in this case is the circuit court's March 24, 2010 Order, and Appellant's notices of appeal filed on May 26, 2010 and June 1, 2010 (notices of appeal) were not timely under Hawaiʻi Revised Statutes (HRS) § 663-15.5(e) (Supp. 2009).

The Hoohuli Appellees correctly note the "well-settled rule that the legislature may define and limit the right of appeal because the remedy of appeal is not a common law right and it exists only by authority of statutory or constitutional provisions." Hui Kakoʻo Aina Hoʻopulapula v. BLNR, 112 Hawaiʻi 28, 38-39, 143 P.3d 1230, 1240-41 (2006) (citation, internal quotation marks and brackets omitted). "In light of the legislature's prerogative of fixing the limits of appellate jurisdiction, an appealing party's compliance with the methods and procedures prescribed by statute is obligatory." Id. at 39, 143 P.3d at 1241 (citation and internal quotation marks omitted).

Generally, parties in civil cases invoke appellate jurisdiction by appealing from "final judgments, orders or decrees[.]" HRS § 641-1(a) (1993 & Supp. 2009). The legislature has specifically authorized the Supreme Court of Hawaiʻi to regulate the manner and time in which parties assert appeals

-2-

pursuant to HRS 641-1(a) by providing that "[a]n appeal shall be taken in the manner and within the time provided by the rules of court." HRS § 641-1(c). Pursuant to HRS § 641-1(c), the Supreme Court of Hawai'i has adopted, among other things, two rules that regulate the manner and time in which parties assert appeals pursuant to HRS 641-1(a).

> (1) Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).
>
> (2) Rule 4 of the Hawai'i Rules of Appellate Procedure (HRAP) governs the time period for filing a notice of appeal pursuant to HRS 641-1(a), providing, among other things, that "[i]f any party files a timely motion . . . to reconsider, . . . the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion[.]" HRAP Rule 4(a)(3) (emphases added)).

However, the instant case does not involve an appeal pursuant to HRS 641-1(a).

Instead, the instant case involves the March 24, 2010 Order granting the Hoohuli Appellees' petition for approval of good faith settlement. The legislature has decided to make this unique type of interlocutory order appealable pursuant to HRS § 663-15.5(e), which has created "an independent right of appeal of a good faith determination separate from HRS § 641-1." Brooks v. Dana Nance & Co., 113 Hawai'i 406, 413 n.7, 153 P.3d 1091, 1098 n.7 (2007).

> The requirement, therefore, pursuant to HRCP Rule 58 and Jenkins, that the order or judgment be set forth on a separate document is inapplicable to the good faith determination process described in HRS § 663-15.5. Rather, the right of appeal under HRS § 663-15.5(e) is distinct and independent under that statutory authority.

Id. at 413, 153 P.3d at 1098 (quotation marks omitted; emphasis added). Therefore, the March 24, 2010 Order is an appealable

-3-

order pursuant to HRS § 663-15.5(e), which, in turn, provides its own unique twenty-day time period for asserting an appeal:

> (e) A party aggrieved by a court determination on the issue of good faith may appeal the determination. The appeal shall be filed <u>within twenty days after service</u> of written notice of the determination, <u>or within any additional time not exceeding twenty days as the court may allow</u>.

HRS § 663-15.5(e) (emphases added). HRS § 663-15.5(e) does not authorize any court to extend the initial twenty-day time period beyond a maximum of an additional twenty days. Appellant was served with the March 24, 2010 Order on the same day it was filed and Appellant did <u>not</u> file its notices of appeal within the initial twenty days thereafter, as HRS § 663-15.5(e) requires for a timely appeal. The circuit court did not extend the initial twenty-day time period for an additional twenty days. Even with an additional twenty-day period that would have expired on May 3, 2010, Appellant's notices of appeal would have been untimely as to the March 24, 2010 Order.

Based on the specific time constraints in HRS § 663-15.5(e), Appellant was not entitled to invoke the tolling provision in HRAP Rule 4(a)(3) by filing a timely motion for reconsideration of the March 24, 2010 Order. The May 12, 2010 Order is not an independently appealable order under HRS § 663-15.5(e), nor did it trigger a new time period for filing a notice of appeal under HRAP Rule 4(a)(3). The twenty-day time period under HRS § 663-15.5(e) controls.

Appellant's notices of appeal are untimely under HRS § 663-15.5(e). The failure to file a timely notice of appeal in a civil matter is a jurisdictional defect that the parties cannot waive and the appellate courts cannot disregard in the exercise

-4-

of judicial discretion. <u>Bacon v. Karlin</u>, 68 Haw. 648, 650, 727 P.2d 1127, 1128 (1986).

Therefore,

IT IS HEREBY ORDERED that Appeal No. 30532 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, October 1, 2010.


Presiding Judge


Associate Judge


Associate Judge